IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-mc-3936-WKW-SMD |
| ) | |
| ALABAMA MIDDLE FEDERAL ) | |
| DEFENDERS PROGRAM, INC., ) | |
| ) | |
| Garnishee, ) | |
| ) | |
| CHRISTI MURPHY-THOMAS, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Government brings this case under the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3205, seeking to garnish Defendant Christi Murphy-Thomas's (Murphy-Thomas) wages. *Appl. for Writ* (Doc. 1) p. 1. Murphy-Thomas objects and seeks to quash the Government's writ of garnishment. *Mot. for Hearing* (Doc. 32) pp. 1–2; *Mot. to Quash* (Doc. 23) p. 1.[1] For the reasons below, the undersigned recommends that Murphy-Thomas's objections be overruled, that the motion to quash (Doc. 23) be denied, and that an appropriate disposition order to the garnishee be entered.

---

[1] Murphy-Thomas improperly styles her motion as a motion to dismiss. Because the motion—in substance—seeks to quash the writ of garnishment, the undersigned construes it as a motion to quash. *See, e.g., Cong. v. Morefield*, 2018 WL 325312, at *1 n.3 (N.D. Ala. Jan. 8, 2018) (recognizing that federal courts construe filings based on their substantive content, not their labels or titles); *United States v. Ninety Six Thousand Three Hundred Seventy Dollars in U.S. Currency*, 2014 WL 5256540, at *1 (M.D. Ala. Oct. 15, 2014) (same); *United States v. Roberts*, 2019 WL 6499128, at *1 (E.D. Ky. Dec. 3, 2019) (same); *Harper v. Savannah Chatham Cnty. Pub. Sch. Dist.*, 2021 WL 295836, at *2 (S.D. Ga. Jan. 28, 2021) (same).

**I.     BACKGROUND**

In April 2018, Murphy-Thomas pleaded guilty to one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. §§ 371, 1342, 1343. *United States v. Murphy-Thomas*, Case No. 2:17-cr-384-WKW (Doc. 179) p. 1. The Court sentenced Murphy-Thomas to 3 years of probation and 14 consecutive weekends of incarceration, and ordered her to pay a total of $93,882.29 in restitution. *United States v. Murphy-Thomas*, Case No. 2:17-cr-384-WKW (Doc. 323) pp. 2, 4–6. The Government reviewed Murphy-Thomas's financial information and determined that she could afford monthly restitution payments of $750. *Murphy Decl.* (Doc. 8-1) p. 3. Murphy-Thomas did not object to the Government's proposed payment plan. *Id.*

Between September 2018 and October 2019, Murphy-Thomas made monthly restitution payments in the amount of $750. *Id.* She paid $100 a month to the Clerk of Court and approximately $650 directly to Jefferson County Credit Union, one of the victims owed restitution. *Id.* In October 2019, Murphy-Thomas voluntarily surrendered her 2011 Mercedes Benz E350 and ceased making the $650 restitution payments to the Jefferson Credit Union. *Id.* at 4. She then began making $200 monthly payments to the Clerk of Court. *Id.*

Between January 2020 and September 2020, the Government attempted to obtain updated financial information from Murphy-Thomas. *Id.* at 4–5. The Government cautioned her that failure to provide updated financial information would result in a payment plan of $750 per month beginning on January 1, 2021. *Id.* at 5. Still, Murphy-

Thomas did not provide any updated financials. *Id.* Instead, she continued paying $200 per month to the Clerk of Court. *Mot. for Hearing* (Doc. 32) p. 2.

Accordingly, in March 2021, the Government filed the instant action seeking to garnish Murphy-Thomas's wages under § 3205 of the FDCPA. *Appl. for Writ* (Doc. 1) p. 1.[2] Garnishee Alabama Middle Federal Defenders Program, Inc. (Federal Defenders Program), Murphey-Thomas's employer, filed an answer to the writ of garnishment on July 12, 2021. *Answer to Writ* (Doc. 25) pp. 1–3. In its answer, the Federal Defenders Program explains that Murphy-Thomas's bi-monthly net pay is $2,707.40 and that it will withhold 25% of her bi-monthly net pay (i.e., $676.85) and remit the same to the Clerk of Court pursuant to the writ. *Answer to Writ* (Doc. 25) pp. 1–3.

On July 29, 2021, Murphy-Thomas filed written objections to the Federal Defenders Program's answer and requested a hearing on the sole ground that she "cannot afford" bi-monthly restitution payments of $676.85. *Mot. for Hearing* (Doc. 32) pp. 1–2.[3] On August 9, 2021, the undersigned held a hearing on Murphy-Thomas's objections. *Minute Entry* (Doc. 34) p. 1. During the hearing, Murphy-Thomas reiterated that she cannot afford the proposed restitution payments and that her income is exempt from garnishment under a "household exemption." She made no other objection to the Federal Defenders Program's answer.

---

[2] The Government submits that, as of May 2021, Murphy-Thomas owed $2,550 in arrears. *Murphy Decl.* (Doc. 8-1) p. 5.

[3] The Government did not file written objections to the Federal Defenders Program's answer or request a hearing.

## II.     LEGAL STANDARDS

The FDCPA provides the Government with several methods for satisfying a judgment, one of which is to obtain a writ of garnishment. 28 U.S.C. §§ 3202(a), 3205(a); *see also United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012). Under 28 U.S.C. § 3205(a), the Government may apply for—and a court may issue—"a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). A garnishee must answer a writ of garnishment within 10 days after being served the writ. 28 U.S.C. § 3205(c)(2)–(3).

Within 20 days after a garnishee files its answer, the debtor or the Government may file written objections to the answer and request a hearing. 28 U.S.C. § 3205(c)(5). The issues available at such a hearing, however, "are limited to 'the probable validity of any claim of exemption by the judgment debtor' and whether the Government complied with statutory notice requirements." *United States v. Lopez*, 672 F. App'x 910, 914 (11th Cir. 2016) (per curiam) (quoting 28 U.S.C. § 3202(d)).[4] An objecting party bears the burden of proof on both issues. 28 U.S.C. § 3205(c)(5). Within 5 days after such a hearing, or as soon thereafter as practicable, a reviewing court must "enter an order directing the garnishee as

---

[4] The Eleventh Circuit appears divided over whether § 3205(a) requires a hearing when the debtor fails to raise an available issue in her written objections to the garnishee's answer. *Compare United States v. Gomez*, 733 F. App'x 998, 999 (11th Cir. 2018) (per curiam) (hearing required), *with Lopez*, 672 F. App'x at 914 (no hearing required). Thus, out of an abundance of caution, the undersigned held a hearing on Murphy-Thomas's objections despite the fact that they did not allege that her income is subject to an exemption or that the Government failed to comply with any statutory notice requirement.

4

to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7).

**III.   ANALYSIS**

Murphy-Thomas's objections to the Federal Defenders Program's answer should be overruled and her motion to quash should be denied. During the hearing on her objections, Murphy-Thomas did not allege that the Government had failed to comply with any statutory notice requirement. Indeed, she explicitly stated that she had no objection to the manner of service in this case. Instead, she alleged that her wages are exempt from garnishment under a "household exemption." She claimed that she would be unable to care for herself and her son if she had to make bi-monthly restitution payments of $676.85.

Under the FDCPA, property exempt from garnishment includes: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undeliverable mail; (6) certain annuity and pension payments; (7) workman's compensation; (8) judgments for support of minor children; (9) minimum exemption for wages earned for personal services; (10) certain service-connected disability payments; (11) certain public assistance payments; (12) assistance under the Job Training Partnership Act; and (13) certain real property. 26 U.S.C. § 6334(a)(1)–(13).[5] All other property is subject to garnishment. 26 U.S.C. § 6334(c); *see also United States v. Souffrant*, 601 F. App'x 883, 885 (11th Cir. 2015).

---

[5] Under the FDCPA, these exemptions preempt any state exemption. 28 U.S.C. § 3003(d).

Here, Murphy-Thomas has pointed to no authority suggesting that her income is exempt from garnishment. Moreover, "the government is entitled to collect up to 25% of [a debtor's] non-exempt disposable income . . . regardless of any financial hardship it may cause him." *United States v. Bankas*, 717 F. App'x 637, 638 (7th Cir. 2018). Because Murphy-Thomas has neither shown that her income is exempt from garnishment nor that the Government failed to comply with any statutory notice requirement, she has failed to meet her burden. The undersigned therefore concludes that her objections should be overruled and that her motion to quash should be denied.

## IV.   CONCLUSION

For these reasons, the undersigned RECOMMENDS that Murphy-Thomas's objections be overruled, that her motion to quash (Doc. 23) be denied, and that an appropriate disposition order be entered.

It is ORDERED that the parties shall file any objections to this recommendation on or before **August 17, 2021**.[6] A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of

---

[6] The undersigned finds that the exigent nature of this action necessitates shortening the time period for filing objections from 14 days to 10 days. *See, e.g.*, *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978); *Hisp. Counseling Cntr., Inc. v. Inc. Vill. of Hempstead*, 237 F. Supp. 2d 284, 290 (E.D.N.Y. 2002).

the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of August, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE