IN  THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-MC-3936-WKW |
| | ) | [WO] |
| CHRISTI MURPHY-THOMAS, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ALABAMA MIDDLE FEDERAL | ) | |
| DEFENDERS PROGRAM, INC., | ) | |
| Montgomery, Alabama, | ) | |
| | ) | |
| Garnishee. | ) | |

## **ORDER**

Before the court is Defendant Christi Murphy-Thomas's expedited motion for reduction of garnishment.  (Doc. # 42.)  The motion, which is construed as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,[1] is due to be denied.

---

[1] Because proceedings pertaining to writs of garnishment are civil proceedings, the Federal Rules of Civil Procedure govern.  *See United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015) ("[A] writ of garnishment seeks to enforce an already existing order of restitution . . . .  Collecting the restitution owed is decidedly civil in nature.").

Murphy-Thomas seeks relief from the final order directing her employer (Garnishee Alabama Middle Federal Defender Program, Inc.) to withhold 25% from her disposable earnings in order to satisfy an outstanding restitution balance owed by her in *United States v. Murphy-Thomas*, 2:17-CR-384-WKW (M.D. Ala.).  She now seeks a reduction in the amount of the wages garnished based on financial hardship.  Two reasons require denial of her motion.

First, the motion is untimely.  A motion to alter or amend the judgment must be filed no later than twenty-eight days after the entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  Murphy-Thomas filed her motion forty-four days after the entry of the final order.  (*See* Docs. # 40, 42.)  Notably, she also did not file a timely objection to the Recommendation.  Her Rule 59(e) motion not only is untimely, but it also is an improper mechanism by which to raise a late objection to the Recommendation.

Second, and alternatively, even if the motion were timely, it lacks merit.  Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  Murphy-Thomas has not argued any points of fact or law that were misapprehended or overlooked by the court.  She raised arguments of financial hardship prior to and at the hearing, and

those arguments carefully were considered and appropriately rejected, as detailed in the Recommendation that was adopted by the court.  (*See* Docs. # 36, 39.)

Based on the foregoing reasons, Defendant Christi Murphy-Thomas's motion to alter or amend the judgment (Doc. # 42) is DENIED.

DONE this 28th January, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE